BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
CHRISTIAN S. NAFZGER, IDAHO STATE BAR NO. 6286
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV, SUITE 600
800 EAST PARK BOULEVARD
BOISE, IDAHO 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1038

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ARMANDO MONTES TOVAR,<br>VIRGINIA HERNANDEZ-TOVAR,<br><br>Defendants. | Case No.  CR 19-0341-S DCN<br><br>**INDICTMENT**<br><br>21 U.S.C §§ 841(a)(1), (b)(1)(A), (b)(1)B),<br>(b)(1)(C), 846, and 853 |

The Grand Jury charges:

## COUNT ONE

### Conspiracy to Distribute Methamphetamine and Heroin
### 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846

Beginning on or about June 1, 2019, and continuing to on or about November 5, 2019, in

the District of Idaho and elsewhere, the defendants, ARMANDO MONTES TOVAR and

**INDICTMENT - 1**

VIRGINIA HERNANDEZ-TOVAR, knowingly and intentionally combined, conspired, confederated and agreed together and with other persons, known and unknown to the Grand Jury, to commit the following offenses against the United States: distribution and possession with intent to distribute heroin and five hundred grams or more of a mixture and substance containing a detectable amount of methamphetamine, Schedules I and II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A), all in violation of Title 21, United States Code, Section 846.

## COUNT TWO

### Distributing Methamphetamine
### 21 U.S.C. § 841(a)(1), (b)(1)(C)

On or about June 3, 2019, in the District of Idaho, the defendant, ARMANDO MONTES TOVAR, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT THREE

### Distributing Methamphetamine
### 21 U.S.C. § 841(a)(1), (b)(1)(B)

On or about June 4, 2019, in the District of Idaho, the defendant, ARMANDO MONTES TOVAR, did knowingly and intentionally distribute fifty grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

**INDICTMENT** - 2

## COUNT FOUR

### Distributing Methamphetamine
### 21 U.S.C. § 841(a)(1), (b)(1)(C)

On or about July 16, 2019, in the District of Idaho, the defendant, ARMANDO MONTES TOVAR, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT FIVE

### Distributing Methamphetamine
### 21 U.S.C. § 841(a)(1), (b)(1)(B)

On or about August 6, 2019, in the District of Idaho, the defendant, ARMANDO MONTES TOVAR, did knowingly and intentionally distribute fifty grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT SIX

### Distributing Methamphetamine
### 21 U.S.C. § 841(a)(1), (b)(1)(B)

On or about August 8, 2019, in the District of Idaho, the defendant, ARMANDO MONTES TOVAR, did knowingly and intentionally distribute fifty grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT SEVEN

**Distributing Methamphetamine**
**21 U.S.C. § 841(a)(1), (b)(1)(B)**

On or about August 22, 2019, in the District of Idaho, the defendant, ARMANDO

MONTES TOVAR, did knowingly and intentionally distribute fifty grams or more of a mixture

and substance containing a detectable amount of methamphetamine, a Schedule II controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT EIGHT

**Distributing Heroin**
**21 U.S.C. § 841(a)(1), (b)(1)(C)**

On or about October 5, 2019, in the District of Idaho, the defendant, ARMANDO

MONTES TOVAR, did knowingly and intentionally distribute a detectable amount of heroin, a

Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1)

and (b)(1)(C).

## COUNT NINE

**Possession with Intent to Distribute Methamphetamine and Heroin**
**21 U.S.C. § 841(a)(1), (b)(1)(A)**

On or about November 5, 2019, in the District of Idaho, the defendants, ARMANDO

MONTES TOVAR and VIRGINIA HERNANDEZ-TOVAR, did knowingly and intentionally

possess with the intent to distribute heroin and five hundred grams or more of a mixture and

substance containing a detectable amount of methamphetamine, Schedules I and II controlled

substances, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

**INDICTMENT - 4**

## CRIMINAL FORFEITURE ALLEGATION
### Drug Forfeiture
### 21 U.S.C. § 853

Upon conviction of one or more of the offenses alleged in this Indictment, the defendants, ARMANDO MONTES TOVAR and VIRGINIA HERNANDEZ-TOVAR, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property, real and personal, tangible and intangible, consisting of or derived from any proceeds the defendant obtained directly or indirectly as a result of the foregoing drug offenses; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the foregoing offenses.  The property to be forfeited includes, but is not limited to, the following:

1.  <u>Cash Seizures</u>.  Approximately $44,812.00 seized on November 5, 2019.

2.  <u>Unrecovered Cash Proceeds and/or Facilitating Property</u>.  The defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the defendant used to facilitate the offense (if facilitation is alleged), but based upon actions of the defendant, the property was transferred, diminished, comingled, or is otherwise unavailable.

3.  <u>Substitute Assets</u>.  Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture.  The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

a.  Cannot be located upon the exercise of due diligence;

b.  Has been transferred or sold to, or deposited with, a third person;

c.  Has been placed beyond the jurisdiction of the court;

d.      Has been substantially diminished in value; or

e.      Has been commingled with other property which cannot be subdivided without

difficulty.

All pursuant to Title 21, United States Code, Section 853.

Dated this ⎿3 day of November, 2019.

A TRUE BILL

*/s/ [signature on reverse]*

_____
Foreperson

BART M. DAVIS
United States Attorney
By:

Christian S. Nafzger
Assistant United States Attorney

**INDICTMENT** - 6